DOMENGEAUX, Judge,
dissenting.
I agree with the trial judge’s statement concerning the scope of appellate review quoted in the majority opinion.
I respectfully suggest however, contrary to the majority conclusion, that the Supreme Court Robinson case dictates, as a matter of law, that Mrs. Hay was “living with” Mr. Hay at the time of his death. Simply put, the main force of the Robinson rational is dictated by the following language:
“But the question whether, as a matter of law, a married couple is ‘living together’ does not hinge on the time they are separated or the distance they are apart, but upon the nature and character of the separation and the intention of the parties respecting it...”
Although the Hays were “physically” apart at the time of Mr. Hay’s death, they nevertheless had surely reconciled as shown in the chronology of events from November 23, 1977, to November 27, 1977. Their uncontradicted intentions should determine their status. Under the facts herein, Mrs. Hay was legally “living with” Mr. Hay, and the Robinson case, I respectfully submit, is authority for that conclusion.
I would grant to the wife the additional approximate $16,000.00 denied her at trial and on appeal.